## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRANDON RUDOLPH KIMBLE, <br><br> Plaintiff, <br><br> v. <br><br> ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, <br><br> Defendant. | Case No. 22-cv-02717 <br><br> Judge Mary M. Rowland |

### ORDER

Brandon Rudolph Kimble ("Kimble") brought this employment discrimination suit against Defendant Roundy's Illinois, LLC d/b/a Mariano's. Defendant moves for summary judgment on all claims in Kimble's Amended Complaint [51]. For the reasons explained below, this Court grants Defendant's unopposed motion [51].

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted).

## BACKGROUND[1]

Kimble did not respond to Defendant's summary judgment motion or its Rule 56.1 statement. As to the Rule 56.1 statement, the Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019) (quotation omitted). A district court can strictly enforce this local rule "by accepting the movant's version of facts as undisputed if the non-movant has failed to respond in the form required." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 648 (7th Cir. 2014). Kimble failed to respond so the Court deems admitted all of Defendant's Rule 56.1 facts. The facts discussed herein are thus Defendant's asserted and undisputed facts.

Considering the undisputed evidence, this Court finds that Kimble has not raised a genuine issue of material fact in this case and enters summary judgment in favor of Defendant.

## ANALYSIS

Kimble filed suit against Defendant claiming discrimination under 42 U.S.C. § 1981, hostile work environment, and retaliation.

However Defendant's undisputed facts show that Kimble failed to raise any issue of fact that Defendant is liable for employment discrimination. It is undisputed that in January 2022, Kimble accepted Mariano's offer of conditional employment, agreed to a background investigation, and elected to begin his employment with the Company before receiving the results of his background check – with the express understanding that Mariano's may nonetheless terminate his employment if the Company were to learn that he did not attain a satisfactory result on his background check. DSOF at ¶ 9. Later the background check results provided by GIS to Mariano's revealed that Kimble had been convicted of a crime involving dishonesty. *Id.* at ¶ 13. Mariano's explains that honesty and integrity are core values, and because Kimble had not challenged the accuracy of his background check report or provided any information concerning the facts and circumstances leading to his conviction for a crime of dishonesty, the company's HR professional Ms. Flesher decided that continuing Kimble's employment would involve an unreasonable risk to property at Mariano's and, solely on that basis, made the decision to terminate his employment on March 9, 2022. *Id.* at ¶ 20. When making her decision to terminate his employment, Ms. Flesher was not aware of Kimble's race, color or national origin at that time. *Id.* ¶ 25. Neither Plaintiff's race, nor his color, nor his national origin played any role whatsoever in Ms. Flesher's decision to terminate his employment. *Id.* ¶ 27. Finally, when making her decision to terminate Kimble's employment, Ms. Flesher was not aware of any facts that would suggest that he had requested or

---

[1] The Court takes these background facts from Defendant's Rule 56.1 statement of facts (DSOF) [55].

applied for any type of promotion or certification; she did not learn about his allegations concerning a requested promotion or certification until he wrote to the Company's HR Department after his employment had already been terminated. *Id.* ¶ 79.

Considering all of this evidence, Kimble cannot establish a prima facie case of employment discrimination, that Mariano's legitimate, non-discriminatory reason for terminating his employment was really "pretext" for unlawful discrimination, or that he experienced any severe or pervasive harassing conduct in his employment. The undisputed facts also show that he did not engage in any "protected activity" during his employment at Mariano's – and, even so, there was no "causal nexus" between that activity and the termination of his employment.

Kimble failed to file any response to the summary judgment motion. Kimble filed this case in May 2022. After discovery and after extending Kimble's time to respond to the summary judgment motion, the Court set a briefing schedule on defendant's summary judgment motion. (*see* Dkt. 61). Kimble failed to comply with the deadline to file his response, and never moved for an extension from the Court. This results in waiver. *See De v. City of Chicago*, 912 F. Supp. 2d 709, 712 (N.D. Ill. 2012); *Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 925 (7th Cir. 2019) (the party opposing a summary judgment motion must inform the court "of the reasons, legal or factual, why summary judgment should not be entered").

This Court is mindful that Kimble is representing himself *pro se* in this case. But the Court cannot make arguments for a pro se plaintiff or excuse failing to comply with court-ordered deadlines when he failed to respond or ask for any relief from the Court. *See Castelino v. Rose-Hulman Inst. of Tech.,* 999 F.3d 1031, 1040 (7th Cir. 2021) ("In considering a motion for summary judgment, the court is not obligated…to scour the record to unearth material factual disputes.") (cleaned up); *Swanson v. White*, No. 20-CV-1675, 2022 WL 2441024, at *1 (E.D. Wis. July 5, 2022) (explaining that "the leniency with which the court construes pro se submissions does not relieve pro se plaintiffs of their obligation to show that genuine issues of material fact exist that preclude the entry of summary judgment for the movant.").

In sum, the Court finds a reasonable factfinder could not return a verdict in Kimble's favor. For all of the reasons discussed, summary judgment for Defendant is warranted.

## CONCLUSION

For the reasons explained, this Court grants Defendant's motion for summary judgment [51]. Judgment shall enter in favor of Defendant Roundy's Illinois, LLC d/b/a Mariano's. Civil case terminated.

E N T E R:

Dated: October 10, 2023

_____
MARY M. ROWLAND
United States District Judge

4